UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PAUL DOMINIC DOSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>5:13-CV-132-BG<br>ECF |

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Paul Dominic Doss seeks judicial review of a decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits. The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. In accordance with the order of transfer, the undersigned now files this Report and Recommendation.

**I.    Statement of the Case**

On January 4, 2012, Doss and a vocational expert testified at a hearing before an administrative law judge (ALJ). Doss was represented by an attorney at the hearing. The ALJ determined on March 21, 2012, that Doss was not disabled because he could perform jobs that exist in significant numbers in the national economy. The Appeals Council denied review on April 2, 2013. Following denial of a request for review, the ALJ's decision becomes the Commissioner's final decision and is properly before the court for review. *Sims v. Apfel*, 530 U.S. 103, 107, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000); *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337

(5th Cir. 2005) (holding the Commissioner's final decision incorporates the Appeals Council's denial of a claimant's request for review).

## II.     Factual Background

Doss claims that he became disabled on June 1, 2010, at age 36 due to hydronephrosis.[1] (Tr. 47, 134.)  He claims that frequent urinary tract infections and kidney problems, requiring on-going surgeries, limit his ability to work.  (Tr. 27.)  He has a high school education; he last worked as a dietary cook at a nursing home; and he previously worked as a cashier, cook, and warehouse worker. (Tr. 139.)  He does not drive, and he lives with his spouse, who takes care of the household chores. (Tr. 154–57, 169.)

## III.    Standard of Review

A court reviewing the Commissioner's denial of disability insurance benefits is limited to determining (1) whether the decision is supported by substantial evidence in the record and (2) whether the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g) (2014); *see e.g.*, *Higginbotham*, 405 F.3d at 335.  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).  Without reweighing the evidence or substituting its own judgment, a reviewing court must examine the entire record, including evidence favorable to the Commissioner as well as contrary evidence.  *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If the Commissioner's findings are supported by substantial evidence, they are treated as conclusive and will be affirmed.  *See Richardson v. Perales*,

---

[1]Hydronephrosis is defined as dilation of the pelvis and calyces of one or both kidneys, which may result from obstruction to the flow of urine, vesicoureteral reflux, or it may be a primary congenital deformity without apparent cause.  Stedman's Medical Dictionary 912 (28th ed. 2006).

402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**IV.     Discussion**

Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A) (2014). In making a disability determination, the Commissioner conducts a five-step sequential evaluation to determine whether: (1) the claimant is currently working; (2) the claimant has a "severe impairment"; (3) the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (4) the claimant is capable of performing past relevant work; and (5) whether the claimant, after taking into account age, education, previous work experience, and residual functional capacity, is capable of performing any other work. *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); 20 C.F.R. § 404.1520(a)(4) (2013). If a disability determination is made at any step in the process, the finding is conclusive and the analysis terminates. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

At the first four steps in the analysis, the claimant bears the burden of proof. *Id.* Once this burden is satisfied, the Commissioner bears the burden of showing the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* After making such a showing, the burden shifts back to the claimant to rebut the Commissioner's finding. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

In this case, the ALJ determined: (1) Doss was not currently engaged in substantial gainful activity; (2) Doss had the severe impairments of hydronephrosis and hypertension; and (3) Doss did not have an impairment or combination of impairments that met or medically equaled the severity

3

of one of the listed impairments in Appendix 1. (Tr. 12.) Following step three, the ALJ assessed Doss's residual functional capacity (RFC) and found that he had the RFC to perform light work, although limited to a sit/stand option with convenient access to a restroom. (Tr. 13.) At step four, the ALJ found that Doss could not return to any past relevant work. (Tr. 17.) After considering testimony from a vocational expert and Doss's RFC, age, education, and work experience, the ALJ concluded at step five—using the Medical-Vocational Guidelines as a framework—that Doss was not disabled because he was capable of making a successful transition to other work that exists in significant numbers in the national economy, such as a folding machine operator, small products assembler, and product line solderer. (Tr. 18.)

Doss argues on appeal that the ALJ erred by (1) finding that he was capable of performing light work and (2) failing to fully develop his medical record by seeking an updated medical expert opinion. Pl.'s Br. 18, 21.

### A.   Substantial evidence supports the ALJ's RFC assessment that Doss was capable of performing light work with certain enumerated restrictions.

Doss argues that the ALJ erred by finding that he had the RFC to perform light work without fully considering his medical condition as it relates to his impairment—including fatigue, frequent urinary tract infections that require hospitalization, and precautions to prevent further infections. Pl.'s Br. 18. He contends that the ALJ should have instructed the vocational expert (VE) to consider the above-listed limitations when identifying occupations that he was capable of performing. Pl.'s Br. 19.

When a claimant has a severe impairment that does not meet or equal one of the listed impairments, the limiting effects of all of his impairments—even those that are not severe—are considered when determining that claimant's RFC, or the most he can still do despite his limitations.

4

*See* 20 C.F.R. §§ 404.1545(a), 404.1546(e) (2013). The RFC determination is "the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (noting the role of the ALJ includes interpreting the medical evidence in order to determine the claimant's capacity for work); §§ 404.1527(d)(3), 416.927(d)(2). When relying on a VE's testimony in support of a denial of benefits, the ALJ's hypothetical question to the VE must reasonably incorporate all of the impairments or limitations identified in the claimant's medical history. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (*quoting Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)).

Doss cites to *Boyd v. Apfel* in support of his argument that the ALJ failed to adequately consider all of his limitations when instructing the VE and considering his RFC. Pl.'s Br. 19. In *Boyd*, the court found that the ALJ's hypothetical question did not include many of the limitations described in certain post-hearing evidence; additionally, because the evidence was not available at the time of the hearing, Boyd did not have a fair opportunity to challenge the assumptions underlying the hypothetical question and point out his additional impairments. *See Boyd*, 239 F.3d at 707. In the instant case, Doss argues that the ALJ failed to consider his: (1) history of frequent urinary tract infections that require hospitalization for treatment; (2) need to maintain extra cleanliness due to his susceptibility for further infections; and (3) extreme fatigue. Pl.'s Br. 19–20.

The ALJ, however, is not required to consider limitations that are contradicted by other testimony or records. *See Boyd*, 239 F.3d at 707. Unlike in *Boyd*, the ALJ here properly considered Doss's limitations as supported by the medical evidence of record. The ALJ acknowledged Doss's testimony regarding his extreme susceptibility to urinary tract infections. (Tr. 14, 36–37.) He cited Doss's testimony that he has to go to the hospital in order to treat his infections and that he has to stay very clean. *Id.* He further acknowledged Doss's testimony that he cannot perform tasks beyond

5

checking the mail because of fatigue, and he goes to the bathroom about 20 times per day. (Tr. 14, 42–43.) After careful consideration of the evidence, the ALJ found that Doss's statements regarding the intensity, persistence, and limiting effects of his symptoms were not wholly credible. (Tr. 14–17.) *See* SSR 96-7p, 1996 WL 374186, at *2 ("whenever the individual's statements . . . [regarding his] symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"); 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). An "ALJ's findings regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference." *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).

Although Doss has undergone multiple surgeries related to his hydronephrosis, his treating physician consistently noted that Doss's physical examinations were unremarkable. (Tr. 325, 329, 341, 360, 367, 371.) At no time did his treating physician document physical limitations due to Doss's fatigue. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1990) (noting claimant's subjective complaints must be corroborated at least in part by objective medical evidence). In each of Doss's hospital visits for infection, the IV antibiotics improved his symptoms. (Tr. 391–92, 409–10.) The ALJ likewise noted that Doss's condition consistently improved with treatment. (Tr. 17.) A medical condition reasonably remedied with prescribed treatment is not considered disabling. *See Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

Nonetheless, the ALJ considered Doss's subjective complaints, to the extent supported by objective medical evidence, in determining his RFC and limited him to a reduced range of light work: a job that would allow him to alternate between sitting and standing and also have convenient access to a restroom in order to accommodate his frequent need to urinate. (Tr. 17.) In his

6

hypothetical question to the VE, the ALJ asked what jobs were available to someone with Doss's vocational profile at the described level of light work and with convenient access to a restroom. (Tr. 44.) The VE testified to folding machine operator, small products assembler, and production line solderer. *Id.* Doss's attorney then asked the VE if an employer would tolerate an employee who had to visit the restroom more than ten times in an eight-hour workday. (Tr. 45.) *Cf. Boyd*, 239 F.3d at 707 (noting claimant did not have a fair opportunity to challenge the assumptions underlying the ALJ's hypothetical question). The VE testified that an employer would not likely tolerate that number of breaks. *Id.*

The ALJ assigned little weight to the VE's testimony regarding the number of restroom breaks, however, because the alleged limitation was not wholly supported by the objective medical evidence. (Tr. 17.) During an examination on September 9, 2010, Doss complained of chills, but he stated that prior hematuria (blood in the urine) had cleared up. (Tr. 264.) On November 30, 2010, Doss complained of back pain, abdominal spasms, a foul odor and cloudy texture to his urine, but he vocalized no other complaints. (Tr. 345.) During examinations in September, October, and November 2010 as well as January 2011, Doss denied hematuria, nocturia (awaking at night to use the restroom), dysuria (painful urination), and incontinence. (Tr. 264, 341, 345, 352, 356.)

On March 8, 2011, Doss complained of left testicle swelling, but Dr. Vallabhan noted that "he is urinating very well, has had no trouble there." (Tr. 325.) During examinations in March and April 2011, Doss is listed as urinating well with a good stream, and his nocturia frequency is listed as 1–2, 3, and 3–4 times, respectively. (Tr. 319, 399, 411.) Doss is not listed as reporting daytime frequency of urination, nor is any treatment considered or prescribed in regard to this complaint. On March 17, 2010, Dr. Vallabhan specifically noted that Doss denied urgency of urination. (Tr.

7

319.)

The ALJ took into account Doss's need to alternate between sitting and standing in order to accommodate his alleged pain, and he included the requirement that Doss have convenient access to a restroom. *Id.* Yet he found that the objective medical evidence warranted no further limitations. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (finding "the hypothetical [question] reasonably incorporated the disabilities recognized by the ALJ"). An ALJ may reject a VE's hypothetical testimony when the assumptions posed to the VE are not supported by the record. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). In this case, substantial evidence supports the ALJ's conclusion that the objective medical evidence, together with Doss's subjective complaints, does not warrant limitations other than those specified in the RFC assessment; therefore, remand is not required on this point.

   **B.**  **The ALJ fully developed the record and acted within his discretion in declining to obtain an updated medical expert opinion.**

Doss next argues that the ALJ erred by not fully developing the record and not seeking an updated medical expert opinion. Pl.'s Br. 21. Doss objects to the ALJ's reliance on two case assessments, both of which evaluated Doss's medical record from August 2010 through February 2011. *Id.* He contends that extensive medical evidence demonstrates the deterioration of his impairments in March, April, and May 2011. *Id.* In that regard, he claims that the ALJ should have obtained an updated medical expert opinion in order to review the medical evidence of record for those months. *Id.* The medical evidence dated after April 2011, however, recorded similar medical conditions and treatment as the prior records relied upon by the state agency medical consultants; further, the ALJ discussed Doss's medical records from March and April 2011 in his opinion. (Tr.

8

16.) The ALJ, for example, noted Doss's admittance to the Covenant Health Center for a urinary tract infection on April 26, 2011. (Tr. 16, 388–90.) The ALJ's opinion shows that he fully developed and considered Doss's treatment record. *See* Tr. 17 (giving Doss the benefit of the doubt regarding the durational requirement even though his treatment records covered only 10 continuous months—July 2010 though May 2011).

In addition, the ALJ acted within his discretion in deciding whether or not to obtain an updated medical expert opinion. *See* SSR 96-6p, 1996 WL 374180, at *3–4. Under SSR 96-6p, an ALJ must obtain an updated medical opinion from a medical expert in certain circumstances when reaching a decision of disability based upon medical equivalence to an impairment in the listings of impairments. *See* SSR 96-6p, at *3–4. Because the ALJ decided this case at the fifth step in the sequential evaluation process, he had no obligation to seek an updated medical expert opinion. *See id.* Doss has not presented evidence that the ALJ's actions prejudiced him or that an updated medical opinion would change the outcome of the proceedings. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) ("This Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure."); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (noting remand is appropriate in the case of new evidence when there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision). As discussed above, the ALJ reviewed and considered medical records from the time period cited by Doss. *See* Tr. 16.

Doss also claims that the ALJ should have obtained a medical expert to testify at the hearing in order to determine whether Doss's impairments met or medically equaled any of the listed impairments for the genitourinary system. Pl.'s Br. 22. The Commissioner, on the other hand,

9

contends that Doss's argument attempts to shift the burden of proof to the Commissioner at step three. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (noting the claimant bears the burden of proof at the first four steps of the sequential evaluation process). The ALJ considered the listings pertaining to genitourinary impairments and found that the objective medical evidence did not meet or medically equal any listing. (Tr. 13.) Doss has not presented any evidence in support of his argument that he meets the stated criteria of a listed impairment. *See Selders v. Sullivan*, 914 F.2d 614, 619–20 (5th Cir. 1990) (finding the step three determination that a claimant's impairments did not meet listings-level severity was supported by substantial evidence when the claimant failed to carry his burden to identify medical findings that supported each of the listing's criteria). In sum, substantial evidence supports the ALJ's findings and the ALJ was not required to seek an updated medical expert opinion.

## V.  **Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court affirm the Commissioner's decision and dismiss Doss's Complaint with prejudice.

## VI.  **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:    May 27, 2014.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge